BOEHM, Justice,
concurring, and concurring in result as to Part VI. B.
I concur in all parts of Justice Rucker’s opinion except for Part VI. B. For the reasons explained below, I concur in the result reached in the separate opinions of Chief Justice Shepard and Justice Dickson.
I do not agree with the Chief Justice that prior decisions of this court have foreclosed Overstreet’s current claim that his execution would constitute cruel and unusual punishment in violation of Article I, Section 16 of the Indiana Constitution. Specifically, neither of the cases cited by Chief Justice Shepard’s separate opinion as to Part VI.B of the majority opinion addressed a claim that the current mental state of the petitioner rendered the petitioner ineligible for execution. Rather, Matheney v. State stated Mathene/s claim under the Indiana Constitution as that he “should be exempt from the death penalty because he was mentally ill when he committed the murder.” 833 N.E.2d 454, 456 (Ind.2005). Baird v. State was explicit in declining to rule on.the issue Overstreet seeks to raise: “we do not discern a claim that Baird is presently not competent to be executed....” 831 N.E.2d 109, 115 (Ind. 2005). Moreover, neither case addressed anything more than the specific record proof, or lack thereof, of the petitioner’s mental state.
I agree, however, that the Indiana Constitution affords no greater protection than the Eighth Amendment provides on this issue. The text of the Indiana Constitution on this point is identical to the Eighth Amendment, and there is nothing in the history or judicial precedents of this state, or our constitutional debates, that leads me to conclude that the texts should be interpreted differently. The Eighth Amendment prohibition against the execution of the insane rests significantly on evolving national standards of decency.[1] I *178 cannot conclude that the culture of Indiana is materially different in this respect from the national consensus the Supreme Court of the United States has found.
In the past few years, the Supreme Court has held that the federal Constitution prohibits the execution of both juveniles and the mentally retarded. See Roper v. Simmons, 543 U.S. 551, 567-68, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005); Atkins v. Virginia, 536 U.S. 304, 321, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). No such categorical prohibition has been placed on the execution of the mentally ill, even those whose disease is severe. Rather, the Constitution has been held to prohibit only the execution of those who meet the standards set by Ford and Panetti Although I can certainly understand why the legislature might choose to prohibit the execution of all persons suffering from severe mental illness, that has not occurred in this state, and I cannot read Article I, Section 16 more expansively than the Eighth Amendment. Accordingly, I concur in the result reached by Chief Justice Shepard as to Part VLB.

. See Ford v. Wainwright, 477 U.S. 399, 406, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986) ("In addition to considering the barbarous methods generally outlawed in the 18th century, therefore, this Court takes into account objective evidence of contemporary values before determining whether a particular punishment comports with the fundamental human dignity that the [Eighth] Amendment protects.”); cf. Roper v. Simmons, 543 U.S. 551, 560-61, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (holding that the Court must refer to “ ‘the evolving standards of decency that mark the progress of a maturing society' to determine which punishments are so disproportionate as to be cruel and unusual” (quoting Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) (plurality opinion))); Atkins v. Virginia, 536 U.S. 304, 311-13, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002) (holding that the determination of constitutionality under the Eighth Amendment includes both a national consensus of the standards of decency as well as the Court's judgment of that consensus).